UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DWAYNE ADAMS, ET AL.                                    PLAINTIFFS

VS.                             CIVIL ACTION NO. 3:10CV475TSL-MTP

COLUMBUS LUMBER COMPANY, LLC,
ET AL.                                                  PLAINTIFF

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendants

Brookhaven Sawmill Company, Douglas Boykin and H. Ross Arnold to

dismiss.  Plaintiffs have not responded to the motion, and the

time for filing a response has now passed.  The court, having

considered defendants' memorandum of authorities, concludes the

motion is well taken and should be granted.

Plaintiffs filed this class action alleging that defendant

Columbus Lumber Company, LLC failed to provide employees sixty

days' notice before closure of its plant in Brookhaven, as

required by the Worker Adjustment and Retraining Notification Act

(WARN Act), 29 U.S.C. §§2101 *et seq*.  Movant Brookhaven Sawmill

Company is the parent company of Columbus Lumber Company; Ross

Arnold is a majority owner of both companies; and Douglas Boykin

is a shareholder of Brookhaven Sawmill Company and an officer and

director of Columbus Lumber Company.

Brookhaven Sawmill Company and Boykin seek dismissal pursuant

to Federal Rule of Civil Procedure 12(b)(5) for failure to timely

effect service of process.  Rule 4(m) of the Federal Rules of

Civil Procedure, which governs the timeliness of service of

process, states:

> (m) Time Limit for Service.  If a defendant is not
> served within 120 days after the complaint is filed, the
> court-on motion or on its own after notice to the
> plaintiff-must dismiss the action without prejudice
> against that defendant or order that service be made
> within a specified time.  But if the plaintiff shows
> good cause for the failure, the court must extend the
> time for service for an appropriate period.  This
> subdivision (m) does not apply to service in a foreign
> country under Rule 4(f) or 4(j)(1).

Thus,

> Under Rule 4(m), a district court is permitted to
> dismiss a case without prejudice if a defendant has not
> been served within 120 days after a complaint is filed.
> Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).
> However, if a plaintiff can establish good cause for
> failing to serve a defendant, the court must allow
> additional time for service.  Id.  Moreover, even if
> good cause is lacking, the court has discretionary power
> to extend time for service.  Id.  Such relief may be
> warranted, "for example, if the applicable statute of
> limitations would bar the refiled action, or if the
> defendant is evading service or conceals a defect in
> attempted service."  Fed.R.Civ.P. 4(m) advisory
> committee's note (1993).

Newby v. Enron Corp., No. 06-20658, 2008 WL 2605118, at *2 (5th

Cir. July 2, 2008).

As plaintiffs' complaint was filed in this cause August 27,

2010, plaintiffs had until December 27, 2010 to serve process.

According to defendants, plaintiffs did not attempt to serve

Brookhaven Sawmill Company or Boykin until 95 days after this

date, on March 30, 2011.  Plaintiffs have not undertaken to

demonstrate good cause for their failure to timely serve process,

or for that matter offered any explanation why process was not
timely served, and they have never sought an extension of time for
service.  These defendants' motion to dismiss will therefore be
granted.

Defendant Arnold seeks dismissal of plaintiffs' complaint on
the basis that he was not properly served with process in
accordance with Rule 4(e) since, as attested in Arnold's
affidavit, the individual to whom plaintiffs' process server
delivered the complaint and summons was not Arnold's authorized
agent for service of process and was not in any other way
authorized to accept service of process on behalf of Arnold.  See
Fed. R. Civ. Proc. 4(e) (stating, inter alia, that "an individual
... may be served ... by: (1) following state law for serving a
summons ...; or (2) doing any of the following (A) delivering a
copy of the summons and of the complaint to the individual
personally; (B) leaving a copy of each at the individual's
dwelling or usual place of abode with someone of suitable
age and discretion who resides there; or (C) delivering a copy of
each to an agent authorized by appointment or by law to receive
such process."); see also Illinois Central Gulf R.R. Co. v.
Hampton, 117 F.R.D. 588, 591 (S.D. Miss. 1987) ("The agency status
by which one is authorized to receive process for another may be
express or implied.  However, the agency relationship, if one
exists, must be for the specific purpose of receiving service of

process." (citing 4A Wright & Miller, <u>Federal Practice and</u>
<u>Procedure; Civil 2d</u> § 1097 (1987)).

As defendants note, upon finding that service is insufficient
but curable, a court "generally should quash the service and give
the plaintiff an opportunity to re-serve the defendant.'"  <u>See</u>
<u>Rhodes v. J.P. Sauer & Sohn, Inc.</u>, 98 F. Supp. 2d 746, 750 (W.D.
La. 2000) (citation omitted); however, dismissal without
opportunity to cure is appropriate where proper service would
be futile.  <u>See</u> <u>id</u>. 5A Charles A. Wright & Arthur R. Miller,
§ 1354.  Here, defendants submit that since the 120-day time
period for service of process has already passed, the opportunity
to cure plaintiffs' ineffective has passed.  Plaintiffs offer no
argument to the contrary, and therefore, their complaint against
Arnold will be dismissed pursuant to Rule 12(b)(5).

For the foregoing reasons,[1] it is ordered that the motion of
Brookhaven Sawmill Company, Arnold Ross and Douglas Boykin is
granted.

SO ORDERED this 19th day of May, 2011.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1]  Because the court concludes that the complaint against
the movants is due to be dismissed on service of process grounds
the court need not address these defendants' alternative arguments
seeking dismissal pursuant to Rule 12(b)(6) for failure to state a
claim upon which relief can be granted, though it does appear that
defendants' argument in support of this part of their motion has
merit, and plaintiffs have not responded contending otherwise.